# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THO VON TRAN,<br><br>                               Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>                             Respondents. | Case No.:  25-cv-2994-RSH-KSC<br><br>**ORDER (1) SETTING BRIEFING SCHEDULE, (2) GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, AND (3) TEMPORARILY ENJOINING PETITIONER'S REMOVAL**<br><br>[ECF No. 2] |

On November 4, 2025, Petitioner Tho Von Tran filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, a motion to appoint counsel, as well as a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 2, 3.

## I.  Briefing Schedule

Having reviewed the Petition, the Court concludes that summary dismissal is unwarranted at this time. Accordingly, the Court **ORDERS** the following briefing schedule:

//

//

1. Respondents shall file a return to the Petition no later than **November 13, 2025.** The Parties are directed to meet and confer by telephone or in person regarding the merits of the Petition in advance of the due date of the return.

2. Petitioner may, but is not required to, file a traverse in support of the Petition no later than **November 17, 2025**.

3. A hearing on the Petition is set for **November 20, 2025** at **1:30 p.m.** in Courtroom 3B. After the briefing is complete—meaning that Petitioner has filed a reply or advised the Court that no reply will be filed, or the deadline for filing a reply has passed—the Court may notify the Parties that it is taking the matter under submission and taking the hearing off calendar.

The Court acknowledges that Petitioner has filed a motion for a TRO. ECF No. 3. As set forth below, the Court is temporarily enjoining Respondents from removing Petitioner from the United States pending a ruling or further order from the Court. This order effectively grants in part Petitioner's motion for a TRO. The further relief sought by Petitioner's TRO application—namely, his immediate release—is the same relief sought by the underlying Petition. The Court will receive briefing on the merits of the Petition according to the expedited schedule set forth above, and determines that an even more compressed briefing schedule in the context of this case would not be conducive to a fair opportunity to both sides to provide the Court with adequate briefing. The Court's ruling on the merits on the Petition may also resolve the TRO request. To the extent the Parties wish to address other aspects of the TRO request, they may do so in their merits briefing.[1]

//
//
//

---

[1] To the extent Respondents seek additional time to respond fully to the merits of the Petition, they should then be prepared to respond Petitioner's request for a TRO on the timetable above.

## II. Appointment of Counsel

Petitioner moves for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2). ECF No. 2. Under this statute, the district court may appoint counsel for an impoverished habeas petitioner seeking relief under 28 U.S.C. § 2241 whenever "the court determines that the interest of justice so require …." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (quoting 18 U.S.C. § 3006A(g)). The Court "must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997) (citations omitted). Petitioner's filings represent that Federal Defenders of San Diego, Inc., drafted the Petition and moving papers and is willing to assist and able to assist him moving forward. Having considered the arguments raised in Petitioner's motion, the Court finds that the appointment of counsel is appropriate in this case. The Court therefore **GRANTS** Petitioner's motion for appointment of counsel and **APPOINTS** Federal Defenders of San Diego, Inc. to represent him.

## III. Preserving the Court's Jurisdiction

The Court finds it is necessary to enter a limited injunction to preserve its jurisdiction and maintain the status quo until the Court can rule on the Petition. *See* 28 U.S.C. § 1651(a); *see also FTC v. Dean Foods Co.*, 384 U.S. 597, 604 (1966); *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 n.6 (9th Cir. 2020). Accordingly, Respondents, along with their agents, employees, successors, attorneys, and all persons acting in concert with them, are **TEMPORARILY ENJOINED** pending further order of this Court from removing Petitioner from the United States.

IT IS SO ORDERED.

Dated: November 6, 2025

*[signature: Robert S. Huie]*

Hon. Robert S. Huie
United States District Judge